## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESAR SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.  08 CIV 6292(NRB) |
| | ) |
| CUSTOM MUFFLER SPECIALISTS, INC., | ) |
| DOALL COMPANY, | ) |
| CONTINENTAL HYDRAULICS, | )  **JURY TRIAL DEMANDED** |
| BALDOR ELECTRIC COMPANY, and | ) |
| JOHN DOE CORPORATIONS 1 through 10 | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

Defendant Baldor Electric Company ("Baldor"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 *et seq.,* hereby gives notice of its removal of Plaintiff's State action to this Court. In support of removal, Baldor states that:

1.      On or about May 27, 2008, Plaintiff Cesar Sanchez commenced an action against Defendants in the Supreme Court of the State of New York, County of Bronx, Case No. 304315-08. Pursuant to a Stipulation dated June 30, 2008, Baldor's answer to Plaintiff's complaint is due on or before July 30, 2008. A copy of the Stipulation is attached as Exhibit A.

2.      On June 11, 2008, Baldor was served with a Summons and Complaint in that action. A copy of the Summons and Complaint is attached hereto as Exhibit B.

3.      Pursuant to Local Rule 81.1, Baldor states the following:

      a.      According to his Complaint, Plaintiff is a resident of Bronx County, New York. Plaintiff's specific residence address is unknown to Baldor.

      b.      Defendant Custom Muffler Specialists, Inc. is a New Hampshire corporation that was dissolved on November 2, 1992 and therefore, upon

information and belief, has no principal place of business.  *See*

information from New Hampshire Secretary of State's website, attached

hereto as Exhibit C.  The State Court file does not reflect that service has

been made upon Custom Muffler Specialists, Inc.

c.      Defendant Doall Company is an Illinois corporation with its principal

place of business in Illinois.  The State Court file does not reflect that

service has been made upon Doall Company.

d.      Continental Hydraulics is a Minnesota corporation with its principal place

of business in Savage, Minnesota.  Continental Hydraulics was served on

June 16, 2008.

e.      Baldor is a Missouri corporation with its principal place of business in

Fort Smith, Arkansas.  Baldor was served with the Summons and

Complaint in this action on June 11, 2008.

f.      The residence of the John Doe Defendants is disregarded for the purposes

of removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this

chapter, the citizenship of defendants sued under fictitious names shall be

disregarded.").  *See also Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228,

1235 (10th Cir. 2006).

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it

is being filed within thirty (30) days after Baldor was served with process in the State Court

action.

5.      This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) if it is

one "of which the district courts have original jurisdiction" and "if none of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

6.      Plaintiff claims to have been in the vicinity of an exhaust pipe bending machine when it "unexpectedly activated," and Plaintiff as a result purportedly sustained "severe and serious personal injuries, was caused to suffer severe physical pain and mental anguish, was obliged to and did expend large sums of money for medical and hospital expenses, was confined to bed and home, and was incapacitated from attending his usual activities." Complaint at ¶¶ 67-68. On July 11, 2008, I contacted Plaintiff's counsel's office and was informed plaintiff's injuries include an amputated left ring finger and crushed left hand. I have more than 30 years experience in defending product liability cases and the injuries sustained by Plaintiff involve damages in excess of $75,000. Accordingly, upon information and belief, Plaintiff will be seeking damages in excess of $75,000.

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff Cesar Sanchez and the named Defendants are citizens of different states and upon information and belief, Plaintiff is seeking damages in excess of $75,000.

8.      Upon information and belief, Baldor files this Notice of Removal with all requisite conditions to establish removal jurisdiction in this Court.

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and a Notice of Removal to Clerk of the Supreme Court of the State of New York, County of Bronx, is being filed with the State Court. A copy of the Notice of Removal to Clerk of the Supreme Court of the State of New York, County of Bronx, is attached as Exhibit D.

10.     The written consent of Doall Company and Continental Hydraulics is attached hereto as Exhibit E.

11.     Baldor requests a trial by jury herein on all counts of Plaintiff's Complaint.


Dated: New York, New York
        July 11, 2008

                                        Respectfully submitted,

                                        HERZFELD & RUBIN, P.C.


                        By:     _____
                                Jeffrey L. Chase (JLC 4476)
                                Attorneys for Defendant
                                Baldor Electric Company
                                40 Wall Street
                                New York, New York 10005
                                (212) 471-8500


TO:     Clerk of the Supreme Court
        Supreme Court, Bronx County
        851 Grand Concourse
        Bronx, New York 10451

        Richard J. Katz, Esq.
        Attorneys for Plaintiff
        80 Broad Street, 33rd Floor
        New York, New York 10004

        Marin Goodman, LLP,
        Attorneys for Defendants
        Doall Company and Continental Hydraulics
        40 Wall Street, 57th Floor
        New York, NY 10005
        (212) 661-1151

        Custom Muffler Specialist, Inc.
        461 Amherst Street
        Nashum, New Hampshire 03063

# EXHIBIT A

06/30/2008 MON 15:59 FAX 5555555555                                    ☑002/002
08/30/2008 11:57 FAX  212 319 1064      QUIRK And BAKALOR PC            ☑002/002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
CESAR SANCHEZ,

                              Plaintiff,

                                                          *Index #304315-08*

           - against -

                                                          *STIPULATION*
CUSTOM MUFFLER SPECIALISTS, INC.,
DOALL COMPANY, CONTINENTAL
HYDRAULICS, BALDOR ELECTRIC COMPANY
and JOHN DOE CORPORATIONS 1 through 10,

                              Defendants.
-------------------------------------------------------------X


          *IT IS HEREBY STIPULATED AND AGREED,* that the time for the defendant

BALDOR ELECTRIC COMPANY to appear and to answer, amend or supplement the Answer

to the Complaint, as of course, ~~motion to dismiss the complaint and to file and serve a~~           RJK

~~Complaint in this action,~~ be and same is hereby extended to and including the 30th day of July

2008. IN CONSIDERATION OF THIS COURTESY △ BALDOR

WAVES ANY OBJECTION TO PERSONAL JURISDICTION AND/OR ANY

Dated: New York, New York     OBJECTION REGARDING SERVICE OF PROCESS

       June 30, 2008


                                        RICHARD J. KATZ, ESQ.


ACCEPTED  AS  ALTERED  ONLY!

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------X

CESAR SANCHEZ,

                                        *Plaintiff,*

                    - *against* -

CUSTOM MUFFLER SPECIALISTS, INC.,
DOALL COMPANY,
CONTINENTAL HYDRAULICS,
BALDOR ELECTRIC COMPANY and
JOHN DOE CORPORATIONS 1 through 10,

                                        *Defendants.*

-------------------------------------------------------X

Index Number: 304315-08.
Date Filed: 5-27-08

Plaintiff designates
BRONX COUNTY as the
place of trial

The basis of venue is
CPLR 503(a)

**S U M M O N S**

Plaintiff resides within
STATE OF NEW YORK
COUNTY OF BRONX

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York): and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, New York
       May 23, 2008

                                        Yours, etc.,

                                        RICHARD J. KATZ, LLP

                                        By: _____
                                            RICHARD J. KATZ
                                        Attorneys for the Plaintiff
                                        CESAR SANCHEZ
                                        80 Broad Street, 33rd Floor
                                        New York, New York 10004
                                        (212) 233-1515

08 MAY 27 AM 9:44
COUNTY CLERK
BRONX COUNTY
RECEIVED

To:

CUSTOM MUFFLER SPECIALISTS, INC.
c/o Scott Philo
461 Amherst Street
Nashua, New Hampshire 03063

DOALL COMPANY
c/o Timothy P. Moran
1480 South Wolf Road
Wheeling, Illinois 60090

CONTINENTAL HYDRAULICS
5505 West 123rd Street
Savage, Minnesota 55378

BALDOR ELECTRIC COMPANY
c/o CT CORPORATION SYSTEM
111 Eighth Avenue
New York, New York 10011

JOHN DOE CORPORATIONS 1 through 10

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

CESAR SANCHEZ,

*Plaintiff,*

- *against* -

CUSTOM MUFFLER SPECIALISTS, INC.,
DOALL COMPANY,
CONTINENTAL HYDRAULICS,
BALDOR ELECTRIC COMPANY and
JOHN DOE CORPORATIONS 1 through 10,

*Defendants.*

------------------------------------------------------------X

Index Number: 304315/08
Date Filed: 5-27-08

VERIFIED
COMPLAINT

Plaintiff, Cesar Sanchez, by his attorneys, Richard J. Katz, LLP, complaining of the

defendants, Custom Muffler Specialists, Inc., Doall Company, Continental Hydraulics, Baldor

Electric Company and John Doe Corporations 1 through 10, upon information and belief, and at

all times hereinafter mentioned, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1.    Plaintiff, Cesar Sanchez, resided and still resides within the County of Bronx,

State of New York.

2.    Defendant, Custom Muffler Specialists, Inc., is a duly organized foreign

corporation authorized to do business in the State of New York.

3.    Defendant, Custom Muffler Specialists, Inc., is a duly authorized foreign

corporation transacting business in the State of New York.

4.    Defendant, Custom Muffler Specialists, Inc., is a duly organized foreign corporation transacting business at the premises known as 3 Cardinal Circle, Nashua, New Hampshire.

5.    Defendant, Custom Muffler Specialists, Inc., is a duly organized foreign corporation, authorized to do business in the State of New York, transacting business at the premises known as 3 Cardinal Circle, Nashua, New Hampshire.

6.    Defendant, Custom Muffler Specialists, Inc., does and/or solicits business within the State of New York.

7.    Defendant, Custom Muffler Specialists, Inc., derives substantial revenue from goods used or services rendered in the State of New York.

8.    Defendant, Custom Muffler Specialists, Inc., expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

9.    Defendant, Custom Muffler Specialists, Inc., derives substantial revenue from interstate and international commerce.

10.    Defendant, Custom Muffler Specialists, Inc., is a duly organized domestic corporation authorized to do business in the State of New York.

11.    That on or prior to May 25, 2005, defendant, Custom Muffler Specialists, Inc., was engaged in the business of manufacturing, producing, assembling, constructing, testing, inspecting, designing, replacing, maintaining, leasing, renting, selling and/or distributing industial products, including, but not limited to a certain exhaust pipe bending machine and its component parts.

2

12.      That on or prior to May 25, 2005, defendant, Custom Muffler Specialists, Inc., while regularly engaged in the business and activities aforementioned, did design, manufacture, assemble, construct, inspect, test, repair, replace, maintain, lease, rent, sell and/or distribute the aforesaid machine and its component parts.

13.      The aforementioned machine and its component parts was negligently designed, manufactured, produced, assembled, constructed, tested, repaired, replaced, maintained, examined and/or inspected, leased, rented, sold and/or distributed by defendant, Custom Muffler Specialists, Inc.

14.      The defendant, Custom Muffler Specialists, Inc., by their agents, servants and/or employees failed to provide proper safety devices and guards on the aforementioned machine and component parts.

15.      Defendant, DoAll Company, is a duly organized foreign corporation authorized to do business in the State of New York.

16.      Defendant, DoAll Company, is a duly authorized foreign corporation transacting business in the State of New York.

17.      Defendant, DoAll Company, is a duly organized foreign corporation transacting business at the premises known as 1480 South Wolf Road, Wheeling, Illinois.

18.      Defendant, DoAll Company, is a duly organized foreign corporation, authorized to do business in the State of New York, transacting business at the premises known as 1480 South Wolf Road, Wheeling, Illinois

19.      Defendant, DoAll Company, does and/or solicits business within the State of New York.

3

20. Defendant, DoAll Company, derives substantial revenue from goods used or services rendered in the State of New York.

21. Defendant, DoAll Company, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

22. Defendant, DoAll Company, derives substantial revenue from interstate and international commerce.

23. Defendant, DoAll Company, is a duly organized domestic corporation authorized to do business in the State of New York.

24. That on or prior to May 25, 2005, defendant, DoAll Company, was engaged in the business of manufacturing, producing, assembling, constructing, testing, inspecting, designing, replacing, maintaining, leasing, renting, selling and/or distributing industial products, including, but not limited to a certain exhaust pipe bending machine and its component parts.

25. That on or prior to May 25, 2005, defendant, DoAll Company, while regularly engaged in the business and activities aforementioned, did design, manufacture, assemble, construct, inspect, test, repair, replace, maintain, lease, rent, sell and/or distribute the aforesaid machine and its component parts.

26. The aforementioned machine and its component parts was negligently designed, manufactured, produced, assembled, constructed, tested, repaired, replaced, maintained, examined and/or inspected, leased, rented, sold and/or distributed by defendant, DoAll Company

27. The defendant, DoAll Company, by their agents, servants and/or employees failed to provide proper safety devices and guards on the aforementioned machine and its component parts.

4

28.    Defendant, Continental Hydraulics, is a duly organized foreign corporation authorized to do business in the State of New York.

29.    Defendant, Continental Hydraulics, is a duly authorized foreign corporation transacting business in the State of New York.

30.    Defendant, Continental Hydraulics, is a duly organized foreign corporation transacting business at the premises known as 5505 West 123rd Street, Savage, Minnesota.

31.    Defendant, Continental Hydraulics, is a duly organized foreign corporation, authorized to do business in the State of New York, transacting business at the premises known as 5505 West 123rd Street, Savage, Minnesota.

32.    Defendant, Continental Hydraulics, does and/or solicits business within the State of New York.

33.    Defendant, Continental Hydraulics, derives substantial revenue from goods used or services rendered in the State of New York.

34.    Defendant, Continental Hydraulics, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

35.    Defendant, Continental Hydraulics, derives substantial revenue from interstate and international commerce.

36.    Defendant, Continental Hydraulics, is a duly organized domestic corporation authorized to do business in the State of New York.

5

37.     That on or prior to May 25, 2005, defendant, Continental Hydraulics, was engaged in the business of manufacturing, producing, assembling, constructing, testing, inspecting, designing, replacing, maintaining, leasing, renting, selling and/or distributing industial products, including, but not limited to a certain exhaust pipe bending machine and its component parts.

38.     That on or prior to May 25, 2005, defendant, Continental Hydraulics, while regularly engaged in the business and activities aforementioned, did design, manufacture, assemble, construct, inspect, test, repair, replace, maintain, lease, rent, sell and/or distribute the aforesaid machine and its component parts.

39.     The aforementioned machine and its component parts was negligently designed, manufactured, produced, assembled, constructed, tested, repaired, replaced, maintained, examined and/or inspected, leased, rented, sold and/or distributed by defendant, Continental Hydraulics

40.     The defendant, Continental Hydraulics, by their agents, servants and/or employees failed to provide proper safety devices and guards on the aforementioned machine and its component parts.

41.     Defendant, Baldor Electric Company, is a duly organized foreign corporation authorized to do business in the State of New York.

42.     Defendant, Baldor Electric Company, is a duly authorized foreign corporation transacting business in the State of New York.

43.     Defendant, Baldor Electric Company, is a duly organized foreign corporation transacting business at the premises known as 5711 South 7th Street, Fort Smith, Arkansas.

6

44.    Defendant, Baldor Electric Company, is a duly organized foreign corporation, authorized to do business in the State of New York, transacting business at the premises known as 5711 South 7th Street, Fort Smith, Arkansas

45.    Defendant, Baldor Electric Company, does and/or solicits business within the State of New York.

46.    Defendant, Baldor Electric Company, derives substantial revenue from goods used or services rendered in the State of New York.

47.    Defendant, Baldor Electric Company, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

48.    Defendant, Baldor Electric Company, derives substantial revenue from interstate and international commerce.

49.    Defendant, Baldor Electric Company, is a duly organized domestic corporation authorized to do business in the State of New York.

50.    That on or prior to May 25, 2005, defendant, Baldor Electric Company, was engaged in the business of manufacturing, producing, assembling, constructing, testing, inspecting, designing, replacing, maintaining, leasing, renting, selling and/or distributing industial products, including, but not limited to a certain exhaust pipe bending machine and its component parts.

51.    That on or prior to May 25, 2005, defendant, Baldor Electric Company, while regularly engaged in the business and activities aforementioned, did design, manufacture, assemble, construct, inspect, test, repair, replace, maintain, lease, rent, sell and/or distribute the aforesaid machine and its component parts.

7

52.    The aforementioned machine and its component parts was negligently designed, manufactured, produced, assembled, constructed, tested, repaired, replaced, maintained, examined and/or inspected, leased, rented, sold and/or distributed by defendant, Baldor Electric Company

53.    The defendant, Baldor Electric Company, by their agents, servants and/or employees failed to provide proper safety devices and guards on the aforementioned machine and its component parts.

54.    Defendant, John Doe Corporations 1 through 10, is a duly organized foreign corporation authorized to do business in the State of New York.

55.    Defendant, John Doe Corporations 1 through 10, is a duly authorized foreign corporation transacting business in the State of New York.

56.    Defendant, John Doe Corporations 1 through 10, is a duly organized foreign corporation transacting business at an unknown premises.

57.    Defendant, John Doe Corporations 1 through 10, is a duly organized foreign corporation, authorized to do business in the State of New York, transacting business at an unknown premises.

58.    Defendant, John Doe Corporations 1 through 10, does and/or solicits business within the State of New York.

59.    Defendant, John Doe Corporations 1 through 10, derives substantial revenue from goods used or services rendered in the State of New York.

8

60.    Defendant, John Doe Corporations 1 through 10, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

61.    Defendant, John Doe Corporations 1 through 10, derives substantial revenue from interstate and international commerce.

62.    Defendant, John Doe Corporations 1 through 10, is a duly organized domestic corporation authorized to do business in the State of New York.

63.    That on or prior to May 25, 2005, defendant, John Doe Corporations 1 through 10, was engaged in the business of manufacturing, producing, assembling, constructing, testing, inspecting, designing, replacing, maintaining, leasing, renting, selling and/or distributing industial products, including, but not limited to a certain exhaust pipe bending machine and its component parts.

64.    That on or prior to May 25, 2005, defendant, John Doe Corporations 1 through 10, while regularly engaged in the business and activities aforementioned, did design, manufacture, assemble, construct, inspect, test, repair, replace, maintain, lease, rent, sell and/or distribute the aforesaid machine and its component parts.

65.    The aforementioned machine and its component parts was negligently designed, manufactured, produced, assembled, constructed, tested, repaired, replaced, maintained, examined and/or inspected, leased, rented, sold and/or distributed by defendant, John Doe Corporations 1 through 10

66.     The defendant, John Doe Corporations 1 through 10, by their agents, servants and/or employees failed to provide proper safety devices and guards on the aforementioned machine and its component parts.

67.     On or about May 25, 2005, the plaintiff, Cesar Sanchez, was in the vicinity of the subject machine when it unexpectedly activated.

68.     By reason of the foregoing, plaintiff, Cesar Sanchez, sustained severe and serious personal injuries, was caused to suffer severe physical pain and mental anguish, was obliged to and did expend large sums of money for medical and hospital expenses, was confined to bed and home, and was incapacitated from attending to his usual activities.

69.     The aforesaid occurrence and/or resulting injuries to the plaintiff, Cesar Sanchez, were due to the carelessness, recklessness and negligence of the defendants, their agents, servants and employees, in the design, manufacture, production, assembly, construction, testing, examination, inspection, repair, maintenance, installation, sale, rental, lease and distribution of the aforementioned machine and its component parts.

70.     The aforesaid occurrence occurred without any fault or lack of care on the part of the plaintiff contributing thereto.

71.     This action falls within one or more of the exceptions to Article 16 of the CPLR, Sections 1600 through 1603.

72.     That by reason of the foregoing, the plaintiff, Cesar Sanchez, has been damaged by the aforesaid defendants in an amount that exceeds the jurisdiction of all lower courts.

10

## AS AND FOR A SECOND CAUSE OF ACTION

73.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" inclusive, as if hereinafter set forth at length.

74.    The defendants, in connection with their business activities aforementioned, warranted and represented expressly that said machine and component parts were capable and proper for the use and purposes for which same were intended to be used.

75.    The defendants, in connection with their business activities aforementioned, warranted and represented expressly that said machine and component parts were safe in connection with its uses and further that same was of merchantable quality.

76.    Plaintiff, Cesar Sanchez, relied on the skill and judgment of the defendants and their representations and warranties aforementioned in connection with the use of the aforesaid machine and component parts.

77.    Said representations and warranties aforementioned were false, misleading and inaccurate in that said machine and component parts, when put to the test of actual wear, was and proved to be unsound and unsuitable for the purposes for which they were intended and utilized, and was unsafe, dangerous, improper and not of merchantable quality.

78.    On or about May 25, 2005, while solely relying upon defendants' skill, representations and warranties, the plaintiff, Cesar Sanchez, Infant, was injured.

79.    The Defendants were in breach of express warranties.

80.    By reason of the foregoing, plaintiff, Cesar Sanchez, was seriously injured.

81.    That by reason of the foregoing, the plaintiff, Cesar Sanchez, has been damaged by the aforesaid defendants in an amount that exceeds the jurisdiction of all lower courts.

11

## AS AND FOR A THIRD CAUSE OF ACTION

82.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "81" inclusive, as if hereinafter set forth at length.

83.     The defendants, in connection with their business activities aforementioned, warranted and represented impliedly that said machine and component parts were capable and proper for the use and purposes for which same were intended to be used.

84.     The defendants, in connection with their business activities aforementioned, warranted and represented expressly that said machine and component parts were safe in connection with its uses and further that same was of merchantable quality.

85.     Plaintiff, Cesar Sanchez, relied on the skill and judgment of the defendants and their representations and warranties aforementioned in connection with the use of the aforesaid machine and component parts.

86.     Said representations and warranties aforementioned were false, misleading and inaccurate in that said machine and component parts, when put to the test of actual wear, was and proved to be unsound and unsuitable for the purposes for which they were intended and utilized, and was unsafe, dangerous, improper and not of merchantable quality.

87.     On or about May 25, 2005, while solely relying upon defendants' skill, representations and warranties, the plaintiff, Cesar Sanchez, was injured.

88.     The Defendants were in breach of implied warranties.

89.     By reason of the foregoing, plaintiff, Cesar Sanchez, was seriously injured.

90.     That by reason of the foregoing, the plaintiff, Cesar Sanchez, has been damaged by the aforesaid defendants in an amount that exceeds the jurisdiction of all lower courts.

12

## AS AND FOR A FOURTH CAUSE OF ACTION

91.    Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "90" inclusive, as if hereinafter set forth at length.

92.    That said machine and component parts were expected to and did reach the usual consumer without substantial change in the condition in which they were manufactured and sold.

93.    At those times, the said products were in a defective condition which was dangerous to users, the general public and in particular, the plaintiff, Cesar Sanchéz

94.    On or about May 25, 2005, the aforementioned products were in a defective condition.

95.    The said products were inherently dangerous.

96.    The said products failed to provide any warnings of the inherent defects contained therein.

97.    Said defects were a substantial factor in causing plaintiff, Cesar Sanchez.

98.    At the time of the occurrence herein, the said machine and component parts were being used for the purposes and in a manner normally intended.

99.    Plaintiff, Cesar Sanchez, could not, by the exercise of reasonable care, have discovered the defects herein mentioned and/or perceived their danger.

100.    By reason of the foregoing, the defendants have become strictly liable in tort to the plaintiff for the marketing of defective products which caused plaintiff's injuries.

101.    By reason of the foregoing, plaintiff, Cesar Sanchez, was seriously injured.

102.    That by reason of the foregoing, the plaintiff, Cesar Sanchez, has been damaged by the aforesaid defendants in an amount that exceeds the jurisdiction of all lower courts.

13

WHEREFORE, plaintiff, Cesar Sanchez, demands judgment against the defendants, on

all the various causes of action, in an amount that exceeds the jurisdiction of all lower courts.

Dated: New York, New York
     May 23, 2008

RICHARD J. KATZ

14

ATTORNEY VERIFICATION

RICHARD J. KATZ, an attorney at law, duly admitted to practice in the Courts of the

State of New York, affirms under the penalties of perjury that:

He is an attorney for the plaintiff(s) in the above entitled action. That he has read the

foregoing SUMMONS and COMPLAINT and knows of the contents thereof, and upon

information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the

plaintiff(s) herein reside in a county other than the one in which plaintiff's attorneys maintain

their office.

The source of deponent's information and the grounds of his belief are communications,

papers, reports and investigations contained in the file.

Dated: New York, New York
       May 23, 2008

RICHARD J. KATZ

EXHIBIT C



NEW HAMPSHI

## Corporation Divis

**Date:** 7/10/2008

### Filed Documents
(Annual Report History, View Images, etc.)

### Business Name History

| Name | Name Type |
|------|-----------|
| CUSTOM MUFFLER SPECIALISTS, INC. | Legal |

### Corporation - Domestic - Information

| | |
|---|---|
| **Business ID:** | 10556 |
| **Status:** | Dissolved |
| **Entity Creation Date:** | 11/17/1980 |
| **Dissolve Date:** | 11/2/1992 |
| **Principal Office Address:** | 561 AMHERST STREET NASHUA NH 03063 |
| **Principal Mailing Address:** | No Address |
| **Last Annual Report Filed Date:** | 3/15/1990 |
| **Last Annual Report Filed:** | 1990 |

### Registered Agent

| | |
|---|---|
| **Agent Name:** | SCOTT PHILO |
| **Office Address:** | 461 AMHERST STREET (6/27-BAD CK REC'D FOR 9'S) NASHUA NH 03063 |
| **Mailing Address:** | |

Search
* By Business Name
* By Business ID
* By Registered Agent
  Annual Report
* File Online

Privacy Policy |   Accessibility Policy |   Site Map |   Contact Us

Business Entity

EXHIBIT D

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

CESAR SANCHEZ,                                     )
                                                   )
      Plaintiff,                                )
                                                   )
vs.                                                )  Case No. 304315-08
                                                   )
CUSTOM MUFFLER SPECIALISTS, INC.,                  )
DOALL COMPANY,                                     )
CONTINENTAL HYDRAULICS,                            )
BALDOR ELECTRIC COMPANY, and                       )
JOHN DOE CORPORATIONS 1 through 10                 )
                                                   )
      Defendants.                              )

**NOTICE OF REMOVAL TO CLERK OF THE SUPREME COURT**
**OF THE STATE OF NEW YORK, COUNTY OF BRONX**

TO:   Clerk of the Supreme Court of the State of New York, County of Bronx
      851 Grand Concourse
      Bronx, New York 10451

      PLEASE TAKE NOTICE that on this 11th day of July 2008, pursuant to 28 U.S.C.

§ 1441, Defendant Baldor Electric Company removed this cause to the United States District

Court, Southern District of New York.  The Notice of Removal is attached.

Dated: New York, New York
       July 11, 2008

                    Respectfully submitted,

                    HERZFELD & RUBIN, P.C.

By:        _____
             Jeffrey L. Chase (JLC 4476)
             Attorneys for Defendant
             Baldor Electric Company
             40 Wall Street
             New York, New York 10005
             (212) 471-8500

TO:   Clerk of the Supreme Court
Supreme Court, Bronx County
851 Grand Concourse
Bronx, New York 10451

Richard J. Katz, Esq.
Attorneys for Plaintiff
80 Broad Street, 33rd Floor
New York, New York 10004

Marin Goodman, LLP,
Attorneys for Defendants
Doall Company and Continental Hydraulics
40 Wall Street, 57th Floor
New York, NY 10005
(212) 661-1151

Custom Muffler Specialist, Inc.
461 Amherst Street
Nashum, New Hampshire 03063

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CESAR SANCHEZ,

                     Plaintiff,

          - against –

CUSTOM MUFFLER SPECIALIST, INC.,
DOALL COMPANY,
CONTINENTAL HYDRAULICS,
BALDOR ELECTRIC COMPANY, and
JOHN DOE CORPORATIONS 1 through 10,

                  Defendants.
------------------------------------------------------------X

**CONSENT TO REMOVAL**

## CONSENT TO REMOVAL

    The defendants, DOALL COMPANY and CONTINENTAL HYDRAULICS, by and through their attorneys, Marin Goodman, LLP, hereby offer their formal consent to the removal of the above-captioned case, originally filed in the Supreme Court of New York, Bronx New York (Index No.: 304315/2008), to the United States District Court for the Southern District of New York.

Dated: New York, New York
       July 9, 2008

Marin Goodman, LLP
by: Russell Jamison, Esq.
Attorneys for Defendants DOALL COMPANY and CONTINENTAL HYDRAULICS,
40 Wall Street, 57th Floor
New York, New York 10005
Tel : (212) 661-1151
Fax : (212) 661-1141

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESAR SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.   08 CIV 6292(NRB) |
| | ) |
| CUSTOM MUFFLER SPECIALISTS, INC., | ) |
| DOALL COMPANY, | ) |
| CONTINENTAL HYDRAULICS, | )   **JURY TRIAL DEMANDED** |
| BALDOR ELECTRIC COMPANY, and | ) |
| JOHN DOE CORPORATIONS 1 through 10 | ) |
| | ) |
| Defendants. | ) |

## BALDOR ELECTRIC COMPANY'S RULE 7.1 DISCLOSURE STATEMENT

COMES NOW Baldor Electric Company, by and through its undersigned counsel,

pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and for its Disclosure Statement,

states as follows:

Baldor Electric Company has no parent corporation nor does any publicly held

corporation own 10% or more of Baldor's stock.

Dated: New York, New York
      July 11, 2008

Respectfully submitted,

HERZFELD & RUBIN, P.C.

By: _____
      Jeffrey L. Chase (JLC 4476)
      Attorneys for Defendant
      Baldor Electric Company
      40 Wall Street
      New York, New York 10005
      (212) 471-8500

TO:    Clerk of the Supreme Court
Supreme Court, Bronx County
851 Grand Concourse
Bronx, New York 10451

Richard J. Katz, Esq.
Attorneys for Plaintiff
80 Broad Street, 33rd Floor
New York, New York 10004

Marin Goodman, LLP,
Attorneys for Defendants
Doall Company and Continental Hydraulics
40 Wall Street, 57th Floor
New York, NY 10005
(212) 661-1151

Custom Muffler Specialist, Inc.
461 Amherst Street
Nashum, New Hampshire 03063

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Cesar Sanchez | Custom Muffler Specialists, Doall Company, Continental Hydraulics, Baldor Electric Company, and John Doe Corporations 1 through 10 |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Richard J. Katz, Esq., 80 Broad Street, 33rd Floor New York, New York 10004 | HERZFELD & RUBIN, P.C., Attorneys for Defendant Baldor Electric Company, 40 Wall Street, New York, NY 10005 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Product Liability action sounding in negligence, strict liability and breach of warranty seeking damages for personal injuries.

Has this or a similar case been previously filed in SDNY at any time? No [x]  Yes? [ ]    Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]    If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                     NATURE OF SUIT

ACTIONS UNDER STATUTES

|  | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 AGRICULTURE | [ ] 422 APPEAL | [ ] 400 STATE |
| CONTRACT | | | [ ] 620 FOOD & DRUG | 28 USC 158 | REAPPORTIONMENT |
| | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - | [ ] 625 DRUG RELATED | [ ] 423 WITHDRAWAL | [ ] 410 ANTITRUST |
| [ ] 110 INSURANCE | [ ] 315 AIRPLANE PRODUCT | MED MALPRACTICE | SEIZURE OF | 28 USC 157 | [ ] 430 BANKS & BANKING |
| [ ] 120 MARINE | LIABILITY | [ ] 365 PERSONAL INJURY | PROPERTY | | [ ] 450 COMMERCE/ICC |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | 21 USC 881 | | RATES/ETC |
| [ ] 140 NEGOTIABLE | SLANDER | [ ] 368 ASBESTOS PERSONAL | [ ] 630 LIQUOR LAWS | PROPERTY RIGHTS | [ ] 460 DEPORTATION |
| INSTRUMENT | [ ] 330 FEDERAL | INJURY PRODUCT | [ ] 640 RR & TRUCK | | [ ] 470 RACKETEER INFLU- |
| [ ] 150 RECOVERY OF | EMPLOYERS' | LIABILITY | [ ] 650 AIRLINE REGS | [ ] 820 COPYRIGHTS | ENCED & CORRUPT |
| OVERPAYMENT & | LIABILITY | | [ ] 660 OCCUPATIONAL | [ ] 830 PATENT | ORGANIZATION ACT |
| ENFORCEMENT OF | [ ] 340 MARINE | PERSONAL PROPERTY | SAFETY/HEALTH | [ ] 840 TRADEMARK | (RICO) |
| JUDGMENT | [ ] 345 MARINE PRODUCT | | [ ] 690 OTHER | | [ ] 480 CONSUMER CREDIT |
| [ ] 151 MEDICARE ACT | LIABILITY | [ ] 370 OTHER FRAUD | | | [ ] 490 CABLE/SATELLITE TV |
| [ ] 152 RECOVERY OF | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | | SOCIAL SECURITY | [ ] 810 SELECTIVE SERVICE |
| DEFAULTED | [ ] 355 MOTOR VEHICLE | [ ] 380 OTHER PERSONAL | LABOR | | [ ] 850 SECURITIES/ |
| STUDENT LOANS | PRODUCT LIABILITY | PROPERTY DAMAGE | | [ ] 861 MIA (1395FF) | COMMODITIES/ |
| (EXCL. VETERANS) | [x] 360 OTHER PERSONAL | [ ] 385 PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 862 BLACK LUNG (923) | EXCHANGE |
| [ ] 153 RECOVERY OF | INJURY | PRODUCT LIABILITY | STANDARDS ACT | [ ] 863 DIWC (405(g)) | [ ] 875 CUSTOMER |
| OVERPAYMENT OF | | | [ ] 720 LABOR/MGMT | [ ] 863 DIWW (405(g)) | CHALLENGE |
| VETERANS BENEFITS | | | RELATIONS | [ ] 864 SSID TITLE XVI | 12 USC 3410 |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 730 LABOR/MGMT | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURE ACTS |
| [ ] 190 OTHER CONTRACT | | | REPORTING & | | [ ] 892 ECONOMIC |
| [ ] 195 CONTRACT PRODUCT | | | DISCLOSURE ACT | | STABILIZATION ACT |
| LIABILITY | | | [ ] 740 RAILWAY LABOR ACT | FEDERAL TAX SUITS | [ ] 893 ENVIRONMENTAL |
| [ ] 196 FRANCHISE | | | [ ] 790 OTHER LABOR | | MATTERS |
| | | | LITIGATION | [ ] 870 TAXES | [ ] 894 ENERGY |
| | ACTIONS UNDER STATUTES | | [ ] 791 EMPL RET INC | [ ] 871 IRS-THIRD PARTY | ALLOCATION ACT |
| | | | SECURITY ACT | 20 USC 7609 | [ ] 895 FREEDOM OF |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | | INFORMATION ACT |
| | | | | | [ ] 900 APPEAL OF FEE |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO | | | DETERMINATION |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | VACATE SENTENCE | | | UNDER EQUAL ACCESS |
| [ ] 230 RENT LEASE & | [ ] 443 HOUSING | 28 USC 2255 | | | TO JUSTICE |
| EJECTMENT | ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | | | [ ] 950 CONSTITUTIONALITY |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | OF STATE STATUTES |
| [ ] 245 TORT PRODUCT | [ ] 445 AMERICANS WITH | [ ] 540 MANDAMUS & OTHER | | | [ ] 890 OTHER STATUTORY |
| LIABILITY | DISABILITIES - | [ ] 550 CIVIL RIGHTS | | | ACTIONS |
| [ ] 290 ALL OTHER | EMPLOYMENT | [ ] 555 PRISON CONDITION | | | |
| REAL PROPERTY | [ ] 446 AMERICANS WITH | | | | |
| | DISABILITIES -OTHER | | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | | | | |

_____ Check if demanded in complaint:
_____

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____  OTHER _____    JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES  [x] NO          NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**(PLACE AN x IN ONE BOX ONLY)**                                ORIGIN

☐ 1 Original
    Proceeding
☐ 2a. Removed from ☒ 3 Remanded from ☐ 4 Reinstated or
      State Court        Appellate Court      Reopened
☐ 2b. Removed from State Court
      AND at least one party is a pro se litigant
☐ 5 Transferred from ☐ 6 Multidistrict
    (Specify District)     Litigation
☐ 7 Appeal to District
    Judge from
    Magistrate Judge
    Judgment

**(PLACE AN x IN ONE BOX ONLY)**           BASIS OF JURISDICTION          *IF DIVERSITY, INDICATE*
☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 FEDERAL QUESTION  ☒ 4 DIVERSITY    *CITIZENSHIP BELOW.*
                                            (U.S. NOT A PARTY)                  *(28 USC 1332, 1441)*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [x] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Plaintiff Cesar Sanchez, Bronx County, New York (Street not provided in plaintiff's complaint)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Defendant Custom Muffler Specialist, Inc., 461 Amherst Street, Nashum, New Hampshire 03063
Defendant Doall Company, 1480 South Wolf Road, Wheeling, Illinois 60090
Defendant Continental Hydraulics, 5505 West 123rd Street, Savage, Minnesota 55378
Defendant Baldor Electric Company, 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas 72901

DEFENDANT(S) ADDRESS UNKNOWN
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ FOLEY SQUARE
             (DO NOT check either box if this a PRISONER PETITION.)

DATE                  SIGNATURE OF ATTORNEY OF RECORD          ADMITTED TO PRACTICE IN THIS DISTRICT
7/11/08                                                        [ ] NO
                      *Jeffy / Urose*                          [x] YES (DATE ADMITTED  Mo. _7_  Yr. _75_ )
RECEIPT #                                                      Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)