UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CESAR SANCHEZ,                                    Case No.: 08 CIV 6292 (NRB)(DFE)

                    Plaintiff,

        -against-                          ·       **ANSWER OF BALDOR**
                                                   **ELECTRIC COMPANY**
CUSTOM MUFFLER SPECIALISTS, INC.,
DOALL COMPANY,
CONTINENTAL HYDRAULICS,
BALDOR ELECTRIC COMPANY, and
JOHN DOE CORPORATIONS 1 through 10,

                    Defendants.
-----------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## BALDOR ELECTRIC COMPANY

        COMES NOW Defendant Baldor Electric Company, hereinafter referred to as "Baldor,"

and for its Answer and Affirmative Defenses to Plaintiff Cesar Sanchez's Complaint, states as

follows:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

        1.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of

the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

        2.      Upon information and belief, Baldor denies the allegations contained in Paragraph

2 of Plaintiff's Complaint.

        3.      Upon information and belief, Baldor denies the allegations contained in Paragraph

3 of Plaintiff's Complaint.

        4.      Upon information and belief, Baldor denies the allegations contained in Paragraph

4 of Plaintiff's Complaint.

5.    Upon information and belief, Baldor denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    Upon information and belief, Baldor denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    Upon information and belief, Baldor denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    Upon information and belief, Baldor denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    Upon information and belief, Baldor denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Baldor denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15.    Baldor admits that DoAll Company is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16.    Baldor admits that DoAll Company is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.    Baldor admits that DoAll Company is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18.    Baldor admits that DoAll Company is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23.     Baldor denies the allegations of Paragraph 23 of Plaintiff's Complaint.

24.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

25.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same.

27.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same.

28.     Baldor admits that Continental Hydraulics is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 28 of Plaintiff's Complaint and, therefore, denies the same.

29.     Baldor admits that Continental Hydraulics is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 29 of Plaintiff's Complaint and, therefore, denies the same.

30.    Baldor admits that Continental Hydraulics is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 30 of Plaintiff's Complaint and, therefore, denies the same.

31.    Baldor admits that Continental Hydraulics is a foreign corporation and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.

32.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and, therefore, denies the same.

33.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, denies the same.

34.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, denies the same.

36.    Baldor denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and, therefore, denies the same.

38.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and, therefore, denies the same.

39.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, denies the same.

40.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and, therefore, denies the same.

41.     Baldor admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Baldor admits that it is a foreign corporation and that products manufactured, designed and marketed by it are sold, through third parties, in the State of New York. Baldor denies the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint, not expressly admitted herein.

43.     Baldor admits that it is a foreign corporation, with its principal place of business at 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas. Baldor denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint not expressly admitted herein.

44.     Baldor admits that it is a foreign corporation authorized to do business in the State of New York, with its principal place of business at 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas. Baldor denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint not expressly admitted herein.

45.    Baldor admits that products manufactured, designed and marketed by it are sold, through third parties, in the State of New York.  Baldor denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint not expressly admitted herein.

46.    Baldor admits that it derives revenue from products manufactured, designed and marketed by it, which are sold through third parties in the State of New York.  Baldor denies the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint not expressly admitted herein.

47.    Baldor states that the allegations contained in Paragraph 47 of Plaintiff's Complaint constitute a legal conclusion which Baldor is not required to admit or deny, and respectfully refers all questions of law to the Court.  To the extent an answer may be deemed necessary, Baldor denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.    Baldor admits that it derives revenue from interstate or international commerce. Baldor denies the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint not expressly admitted herein.

49.    Baldor admits that it is authorized to do business in the State of New York and denies the remaining allegations of Paragraph 49 of Plaintiff's Complaint not expressly admitted herein.

50.    Baldor denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.    Baldor denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.    Baldor denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.    Baldor denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint and, therefore, denies the same.

55.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint and, therefore, denies the same.

56.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint and, therefore, denies the same.

57.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint and, therefore, denies the same.

58.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint and, therefore, denies the same.

59.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint and, therefore, denies the same.

60.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint and, therefore, denies the same.

61.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint and, therefore, denies the same.

62.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint and, therefore, denies the same.

63.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint and, therefore, denies the same.

64.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint and, therefore, denies the same.

65.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint and, therefore, denies the same.

66.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint and, therefore, denies the same.

67.      Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint and, therefore, denies the same.

68.     Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint and, therefore, denies the same.

69.     To the extent any of the allegations contained in Paragraph 69 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 69 of Plaintiff's Complaint.  To the extent any of the allegations of Paragraph 69 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint and, therefore, denies the same.

70.     Baldor denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Baldor states that the allegations contained in Paragraph 71 of Plaintiff's Complaint constitute a legal conclusion which Baldor is not required to admit or deny, and respectfully refers all questions of law to the Court.

72.     Baldor denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

73.     Baldor incorporates fully and by reference herein its responses to Paragraphs 1 through 72 of Plaintiff's Complaint, as if fully set out herein.

74.     To the extent any of the allegations contained in Paragraph 74 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 74 of Plaintiff's Complaint.  To the extent any of the allegations of Paragraph 74 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint and, therefore, denies the same.

75.    To the extent any of the allegations contained in Paragraph 75 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 75 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 75 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint and, therefore, denies the same.

76.    To the extent any of the allegations contained in Paragraph 76 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 76 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 76 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint and, therefore, denies the same.

77.    To the extent any of the allegations contained in Paragraph 77 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 77 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 77 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint and, therefore, denies the same.

78.    To the extent any of the allegations contained in Paragraph 78 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 78 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 78 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or

knowledge to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Complaint and, therefore, denies the same.

79.     To the extent any of the allegations contained in Paragraph 79 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 79 of Plaintiff's Complaint.  To the extent any of the allegations of Paragraph 79 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint and, therefore, denies the same.

80.     Baldor denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Baldor denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

82.     Baldor incorporates fully and by reference herein its responses to Paragraphs 1 through 81 of Plaintiff's Complaint as if fully set out herein.

83.     To the extent any of the allegations contained in Paragraph 83 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 83 of Plaintiff's Complaint.  To the extent any of the allegations of Paragraph 83 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint and, therefore, denies the same.

84.     To the extent any of the allegations contained in Paragraph 84 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 84 of Plaintiff's Complaint.  To the extent any of the allegations of Paragraph 84 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or

knowledge to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's Complaint and, therefore, denies the same.

85.     To the extent any of the allegations contained in Paragraph 85 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 85 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 85 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint and, therefore, denies the same.

86.     To the extent any of the allegations contained in Paragraph 86 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 86 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 86 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint and, therefore, denies the same.

87.     To the extent any of the allegations contained in Paragraph 87 of Plaintiff's Complaint are directed to Baldor, Baldor denies the allegations of Paragraph 87 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 87 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Complaint and, therefore, denies the same.

88.     To the extent any of the allegations contained in Paragraph 88 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 88 of Plaintiff's Complaint. To the extent any of the allegations of Paragraph 88 of Plaintiff's

Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiff's Complaint and, therefore, denies the same.

89.    Baldor denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.    Baldor denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

91.    Baldor incorporates fully and by reference herein its responses to Paragraphs 1 through 90 of Plaintiff's Complaint as if fully set out herein.

92.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's Complaint and, therefore, denies the same.

93.    To the extent any of the allegations contained in Paragraph 93 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 93 of Plaintiff's Complaint.  To the extent any of the allegations of Paragraph 93 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Complaint and, therefore, denies the same.

94.    Baldor denies the allegations of Paragraph 94 of Plaintiff's Complaint.

95.    Baldor denies the allegations of Paragraph 95 of Plaintiff's Complaint.

96.    Baldor denies the allegations of Paragraph 96 of Plaintiff's Complaint.

97.    Baldor denies the allegations of Paragraph 97 of Plaintiff's Complaint.

98.    Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint and, therefore, denies the same.

99.    Baldor denies the allegations of Paragraph 99 of Plaintiff's Complaint.

100.    To the extent any of the allegations contained in Paragraph 100 of Plaintiff's Complaint are directed to Baldor, Baldor denies denies the allegations of Paragraph 100 of Plaintiff's Complaint.  To the extent any of the allegations of Paragraph 100 of Plaintiff's Complaint are directed at defendants other than Baldor, Baldor lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint and, therefore, denies the same.

101.    Baldor denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    Baldor denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

A.    Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that if the plaintiff sustained any injuries as alleged, such injuries were caused by the plaintiff's own fault and negligence and/or culpable conduct, wholly or partially and/or implied and/or express assumption of risk.

B.    Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that if Plaintiff sustained injuries as alleged, which Baldor specifically denies, then such injuries and damages were caused or contributed to by the carelessness, negligence or fault of third parties, including the other defendants herein, who were not under the control of Baldor.

C.      Further answering Plaintiff's Complaint and as separate and affirmative defense, Baldor states that Plaintiff's injuries or damages, if any, were caused solely by the preceding, intervening or superseding acts or actions or contributory negligence of third persons and entities, including but not limited to plaintiff Cesar Sanchez and/or his employer and/or the other defendants herein, such that the principles of comparative fault should be applied among all persons and entities involved in this incident, including any individuals or entities not named as parties.  Baldor denies that any of the injuries or damages alleged by Plaintiff were proximately caused by any act or omission of Baldor and demands strict proof thereof.

D.      Further answering Plaintiff's Complaint and as a separate and affirmative defense, Baldor states that it maintains that any alleged liability or responsibility of Baldor, such alleged liability or responsibility being expressly and specifically denied, is minimal in proportion to the alleged liability and responsibility of other third persons and entities, and that Plaintiff should be limited to seeking recovery from Baldor solely for the proportion of alleged damages and injuries for which Baldor is allegedly liable or responsible, all such alleged liability and alleged responsibility being expressly denied.

E.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that Plaintiff failed to act reasonably to mitigate his alleged damages and injuries.

F.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that each of Plaintiff's claims is barred by the applicable statute of limitations.

G.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

H.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that its product(s), if any, that allegedly caused Plaintiff's injuries was/were reasonably safe at the time said product(s) left the control of the Baldor and was/were manufactured to generally accepted production practices at the time said product(s) left the control of Baldor.

I.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that its product(s), if any, that allegedly caused Plaintiff's injuries was/were altered or changed from its/their original condition at the time said product(s) left the possession and control of Baldor.

J.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that there is no alternative or safer design of its product(s), if any, that allegedly caused Plaintiff's injuries.

K.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that Plaintiff was a sophisticated user of its product(s) and had adequate knowledge and warning, or should have known, of any danger or hazard associated with the use of the product(s) complained of and voluntarily exposed himself to such dangers or hazards.

L.      Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that Plaintiff's recovery against Baldor, based on breach of warranty, is barred, diminished or reduced in that Baldor expressly negated, limited or modified the implied warranties, if any, on its product(s).

- 17 -

M.    Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states if it is shown that Baldor was in any way involved with Plaintiff's alleged injuries, which Baldor specifically denies, said involvement was so minimal or *de minimis* to be insufficient to establish a reasonable degree of probability that Baldor's alleged conduct caused the claimed injuries or damages.

N.    Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that liability, if any, found against Baldor is to be limited pursuant to Section 1600 *et. seq.* of the CPLR since liability, if any, found against this answering defendant will be 50 percent or less of the total liability to be assigned to all persons liable to Plaintiff for his damages.

O.    Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that to the extent that any claims by Plaintiff in this matter have been settled, compromised or otherwise discharged, Baldor is entitled to a set-off and credit for said settlement, compromise, or discharge.

P.    Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that Plaintiff's injuries, if any, were caused by Plaintiff and other third persons and entities through the following actions, so that the principles of comparative fault should be applied:

      (1)    Failure to use the product(s) as reasonably anticipated;

      (2)    Misuse of the product(s);

      (3)    Use of the product(s) for a purpose not intended;

      (4)    Use of the product(s) with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger;

(5)    Unreasonable failure to appreciate the danger involved in the use of the product(s) or the consequences thereof and the unreasonable exposure to said danger;

(6)    Failure to undertake the precaution a reasonably careful user of the product(s) would take to protect themselves against dangers which they would reasonably appreciate under the same or similar circumstances; and

(7)    Failure to maintain the product(s) reasonably and properly.

Q.    Further answering Plaintiff's Complaint, and as a separate and affirmative defense, Baldor states that Plaintiff's Complaint fails to state a claim or claims or any facts upon which relief may be granted.

R.    Damages, if any, found against this answering defendant are to be reduced by each and every source of payment, including but not limited to, insurance benefits and any other collateral source of payment, for past or future costs or expenses alleged to have been incurred by the plaintiff and for which recovery is sought in the instant action.

S.    Further answering Plaintiff's Complaint and as separate and affirmative defense, Baldor states that the alleged product was designed and manufactured in accordance with the state of the art at that time and complied with industry standards and customs.

T.    Baldor incorporates by reference as if more fully set forth all the affirmative defenses raised by the other defendants to the extent that they are consistent with the positions taken by Baldor in its separate Answer.

WHEREFORE, Baldor Electric Company respectfully requests that the Court dismiss

Plaintiff's claims, enter judgment in favor of Baldor and against Plaintiff, award Baldor's costs,

and award any further relief the Court deems appropriate and just.


Dated: New York, New York
       July 28, 2008

                                       HERZFELD & RUBIN, P.C.


                               By:     _Kate D. Spinelli_
                                       Kate D. Spinelli (KS9536)
                                       Attorneys for Defendant
                                       Baldor Electric Company
                                       40 Wall Street
                                       New York, New York 10005
                                       (212) 471-8500


TO:    Richard J. Katz, Esq.
       Attorneys for Plaintiff
       80 Broad Street, 33rd Floor
       New York, New York 10004

       Marin Goodman, LLP
       Attorneys for Defendants
       Doall Company and Continental Hydraulics
       40 Wall Street, 57th Floor
       New York, NY 10005
       (212) 661-1151

       Custom Muffler Specialist, Inc.
       461 Amherst Street
       Nashua, New Hampshire 03063