**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CESAR SANCHEZ,

          Plaintiff,

    -against-

CUSTOM MUFFLER SPECIALISTS, INC.,
DOALL COMPANY, CONTINENTAL
HYDRAULICS, BALDOR ELECTRIC
COMPANY, and JOHN DOE
CORPORATIONS 1 through 10,

          Defendant.

---

Docket No.: 08-CV-6292(NRB)(DFE)

**ANSWER OF DEFENDANT**
**DOALL COMPANY**

**(Filed via ECF)**

---

DoAll Company (hereinafter "DoAll"), by its attorneys, Marin Goodman, LLP, as and for

its Answer to Plaintiff's Verified Complaint, respectfully states and alleges, upon information

and belief:

### AS AND AN ANSWER TO THE FIRST CAUSE OF ACTION

1.    DoAll denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph "1" of Plaintiff's Verified Complaint.

2.    DoAll denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3.    DoAll denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4.    DoAll denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5.    DoAll denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph "5" of Plaintiff's Verified Complaint.

6.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

10.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

14.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of Plaintiff's Verified Complaint.

15.    DoAll denies the truth of the allegations contained in Paragraph "15" of Plaintiff's Verified Complaint.

16.    DoAll denies the truth of the allegations contained in Paragraph "16" of Plaintiff's Verified Complaint.

17.    DoAll denies knowledge and information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of Plaintiff's Verified Complaint except admits that at certain times not specified in Plaintiff's Verified Complaint, DoAll was and is an Illinois Corporation with its principal place of business at 1480 South Wolf Road, Wheeling, Illinois and otherwise respectfully refers all questions of law to the Court.

18.    DoAll denies knowledge and information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of Plaintiff's Verified Complaint except admits that at certain times not specified in Plaintiff's Verified Complaint, DoAll was and is an Illinois Corporation with its principal place of business at 1480 South Wolf Road, Wheeling, Illinois and otherwise respectfully refers all questions of law to the Court.

19.    DoAll denies the truth of the allegations contained in Paragraph "19" of Plaintiff's Verified Complaint.

20.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of Plaintiff's Verified Complaint except admits that at certain times not specified in Plaintiff's Verified Complaint, DoAll derived revenue from goods used in New York.

21.    DoAll alleges that the allegations contained in Paragraph "21" of Plaintiff's Verified Complaint call for a legal conclusion for which need not be admitted or denied, and otherwise refers all questions of law to the Court. Insofar as the allegations require a response, DoAll denies the truth of allegations contained in Paragraph "21" of Plaintiff's Verified Complaint.

22.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of Plaintiff's Verified Complaint, except admits

3

that at certain times not specified in Plaintiff's Verified Complaint, DoAll derived revenue from interstate and international commerce.

23.    DoAll denies the truth of the allegations contained in Paragraph "23" of Plaintiff's Verified Complaint.

24.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of Plaintiff's Verified Complaint.

25.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of Plaintiff's Verified Complaint.

26.    DoAll denies the truth of the allegations contained in Paragraph "26" of Plaintiff's Verified Complaint.

27.    DoAll denies the truth of the allegations contained in Paragraph "27" of Plaintiff's Verified Complaint.

28.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of Plaintiff's Verified Complaint.

29.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of Plaintiff's Verified Complaint.

30.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of Plaintiff's Verified Complaint except admits, upon information and belief, that Continental Hydraulics maintains a place of business located at 5505 West 123rd Street, Savage, Minnesota.

31.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of Plaintiff's Verified Complaint except admits,

upon information and belief, that Continental Hydraulics maintains a place of business located at 5505 West 123rd Street, Savage, Minnesota.

32.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of Plaintiff's Verified Complaint.

33.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of Plaintiff's Verified Complaint.

34.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of Plaintiff's Verified Complaint.

35.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of Plaintiff's Verified Complaint.

36.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of Plaintiff's Verified Complaint.

37.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of Plaintiff's Verified Complaint.

38.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of Plaintiff's Verified Complaint.

39.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of Plaintiff's Verified Complaint.

40.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of Plaintiff's Verified Complaint.

41.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of Plaintiff's Verified Complaint.

42.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of Plaintiff's Verified Complaint.

43.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of Plaintiff's Verified Complaint except admits, upon information and belief, that Baldor Electric Company maintains a place of business located at 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas.

44.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of Plaintiff's Verified Complaint except admits, upon information and belief, that Baldor Electric Company maintains a place of business located at 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas.

45.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "45" of Plaintiff's Verified Complaint.

46.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "46" of Plaintiff's Verified Complaint.

47.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "47" of Plaintiff's Verified Complaint

48.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "48" of Plaintiff's Verified Complaint.

49.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "49" of Plaintiff's Verified Complaint.

50.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "50" of Plaintiff's Verified Complaint.

51.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "51" of Plaintiff's Verified Complaint.

52.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "52" of Plaintiff's Verified Complaint.

53.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "53" of Plaintiff's Verified Complaint.

54.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "54" of Plaintiff's Verified Complaint.

55.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "55" of Plaintiff's Verified Complaint.

56.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "56" of Plaintiff's Verified Complaint.

57.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "57" of Plaintiff's Verified Complaint.

58.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "58" of Plaintiff's Verified Complaint.

59.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "59" of Plaintiff's Verified Complaint.

60.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "60" of Plaintiff's Verified Complaint.

61.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "61" of Plaintiff's Verified Complaint.

62.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "62" of Plaintiff's Verified Complaint.

63.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "63" of Plaintiff's Verified Complaint.

64.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "64" of Plaintiff's Verified Complaint.

65.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "65" of Plaintiff's Verified Complaint.

66.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of Plaintiff's Verified Complaint.

67.    DoAll denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "67" of Plaintiff's Verified Complaint.

68.    DoAll denies the truth of the allegations contained in Paragraph "68" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "68" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

69.    DoAll denies the truth of the allegations contained in Paragraph "69" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "69" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

70.    DoAll denies the truth of the allegations contained in Paragraph "70" of Plaintiff's Verified Complaint.

71.    DoAll denies the truth of the allegations contained in Paragraph "71" of Plaintiff's Verified Complaint.

72.    DoAll denies the truth of the allegations contained in Paragraph "72" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "72" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

## AS AND AN ANSWER FOR THE SECOND CAUSE OF ACTION

73.    DoAll repeats, reiterates and realleges each and every response to Paragraphs "1" through "73" of Plaintiff's Verified Complaint as if more fully set forth herein.

74.    DoAll denies the truth of the allegations contained in Paragraph "74" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "74" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

75.    DoAll denies the truth of the allegations contained in Paragraph "75" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "75" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

76.    DoAll denies the truth of the allegations contained in Paragraph "76" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "76" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

77.    DoAll denies the truth of the allegations contained in Paragraph "77" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "77" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

78.    DoAll denies the truth of the allegations contained in Paragraph "78" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "78" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

79.    DoAll denies the truth of the allegations contained in Paragraph "79" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "79" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

80.    DoAll denies the truth of the allegations contained in Paragraph "80" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "80" of

10

Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

81.    DoAll denies the truth of the allegations contained in Paragraph "81" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "81" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

### AS AND AN ANSWER FOR THE THIRD CAUSE OF ACTION

82.    DoAll repeats, reiterates and realleges each and every response to Paragraphs "1" through "82" of Plaintiff's Verified Complaint as if more fully set forth herein.

83.    DoAll denies the truth of the allegations contained in Paragraph "83" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "83" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

84.    DoAll denies the truth of the allegations contained in Paragraph "84" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "84" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

85.    DoAll denies the truth of the allegations contained in Paragraph "85" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "85" of

Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

86.    DoAll denies the truth of the allegations contained in Paragraph "86" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "86" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

87.    DoAll denies the truth of the allegations contained in Paragraph "87" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "87" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

88.    DoAll denies the truth of the allegations contained in Paragraph "88" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

89.    DoAll denies the truth of the allegations contained in Paragraph "89" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "89" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

90.    DoAll denies the truth of the allegations contained in Paragraph "90" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "90" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

## AS AND AN ANSWER FOR THE FOURTH CAUSE OF ACTION

91.    DoAll repeats, reiterates and realleges each and every response to Paragraphs "1" through "91" of Plaintiff's Verified Complaint as if more fully set forth herein.

92.    DoAll denies the truth of the allegations contained in Paragraph "92" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "92" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

93.    DoAll denies the truth of the allegations contained in Paragraph "93" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "93" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

94.    DoAll denies the truth of the allegations contained in Paragraph "94" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "94" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

95.    DoAll denies the truth of the allegations contained in Paragraph "95" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "95" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

96.    DoAll denies the truth of the allegations contained in Paragraph "96" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "96" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

97.    DoAll denies the truth of the allegations contained in Paragraph "97" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "97" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

98.    DoAll denies the truth of the allegations contained in Paragraph "98" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "98" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

99.    DoAll denies the truth of the allegations contained in Paragraph "99" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "99" of

Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

100.    DoAll denies the truth of the allegations contained in Paragraph "100" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "100" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

101.    DoAll denies the truth of the allegations contained in Paragraph "101" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "101" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

102.    DoAll denies the truth of the allegations contained in Paragraph "102" of Plaintiff's Verified Complaint insofar as they pertain to DoAll and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "102" of Plaintiff's Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103.    DoAll alleges that Plaintiff's Verified Complaint fails to state one or more causes of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104.    Upon information and belief, DoAll alleges that Plaintiff's purported injuries were caused in whole or in part by Plaintiff's own negligence or other improper conduct,

including, but not limited to, operating the subject pipe bending machine in a reckless, careless, negligent or otherwise improper manner. Accordingly, the doctrine of comparative fault should be used to reduce any recovery by Plaintiff in direct proportion to Plaintiff's own fault.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105.    DoAll alleges that Plaintiff's purported injuries were caused in whole or in part by the negligent or otherwise improper conduct of third-party persons or entities somehow involved in the alleged incident giving rise to Plaintiff's Verified Complaint, including, but not limited to, the person or entity who owned the premises at which the subject pipe bending machine was located at the time of Plaintiff's purported injuries. DoAll reserves its right to amend this affirmative defense and add additional persons or entities to assert the negligence or otherwise improper conduct of such additional persons or entities as discovery may reveal

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

106.    DoAll alleges that Plaintiff's Verified Complaint is barred by Plaintiff's assumption of risk, including, but not limited to, the risk inherent in operating the subject pipe bending machine in a reckless, careless, negligent, or otherwise improper manner.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

107.    DoAll alleges that Plaintiff's claimed damages were caused in whole or in part by misuse of the subject pipe bending machine in an unforeseeable and unintended fashion, which bars Plaintiff from any recovery against DoAll.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

108.    Upon information and belief, to the extent DoAll had possession and control of the subject pipe bending machine, DoAll alleges that Plaintiff's Verified Complaint is barred

because the subject pipe bending machine was modified, altered, changed or otherwise tampered with in an unforeseeable manner after it left the possession and control of DoAll.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

109.    DoAll alleges that Plaintiff's claims are barred because the benefits of the subject pipe bending machine at issue outweigh the risks, if any, that might be associated with such products.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

110.    DoAll alleges that to the extent Plaintiff's Verified Complaint purports to set forth any cause of action based on breach of any express and/or implied warranty arising out of the Uniform Commercial Code, such claim is barred because Plaintiff is not a third-party beneficiary.

### AND AS FOR A NINTH AFFIRMATIVE DEFENSE

111.    DoAll alleges that Plaintiff failed to mitigate his damages, if any.

### AND AS FOR A TENTH AFFIRMATIVE DEFENSE

112.    DoAll alleges that if it is found liable to Plaintiff, which liability DoAll expressly denies, then DoAll is entitled to a setoff equal to the total amount of all settlements, payments, and benefits received by Plaintiff, for Plaintiff's benefit, or that are otherwise available to Plaintiff from any collateral or other source.

### AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE

113.    DoAll alleges that its products are manufactured using state-of-the-art engineering, design and manufacturing procedures, and with state-of-the-art materials when they were engineered, designed and manufactured and DoAll therefore pleads the state-of-the-art defense.

## AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE

114.    DoAll alleges that Plaintiff's purported injuries and damages are the result of intervening acts of persons or entities over whom DoAll had no control, including, but not limited to, the person or entity who owned the premises at which the subject pipe bending machine was located at the time of Plaintiff's purported injuries. DoAll reserves its right to amend this affirmative defense and add such additional persons or entities as discovery may reveal.

## AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

115.    DoAll alleges that its products comply with applicable governmental codes, rules, regulations, and standards and DoAll complied with applicable governmental codes, rules, regulations, and standards applicable to the design, manufacture, inspection, testing, and labeling of and the warning and instructions associated with the use of its products. DoAll is therefore entitled to a presumption that its products are not defective.

## AND AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

116.    DoAll alleges that Plaintiff's Verified Complaint is barred because, upon information and belief, the subject pipe bending machine was improperly maintained or used in an abnormal fashion.

## AND AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

117.    DoAll alleges that if Plaintiff was injured as alleged in Plaintiff's Verified Complaint, which DoAll expressly denies, Plaintiff's alleged damages resulted from independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product sold by DoAll and thus DoAll was not the proximate cause of such injuries.

## AND AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

18

118.    DoAll alleges that, upon information and belief, the subject pipe bending machine is not unreasonably dangerous.

### AND AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

119.    DoAll alleges that, upon information and belief, Plaintiff failed to utilize available safety devices and/or equipment at the time of the incident alleged in Plaintiff's Verified Complaint.

### AND AS FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

120.    DoAll alleges that Plaintiff has failed to join one or more indispensable parties who are needed for a just adjudication.

### AND AS FOR A NINETEENTH AFFIRMATIVE DEFENSE

121.    DoAll alleges that, upon information and belief, at all times relevant herein, product warnings, instructions and labeling were adequate and in compliance with all applicable Federal, State and industry ordinances, regulations and guidelines.

### AND AS FOR A TWENTIETH AFFIRMATIVE DEFENSE

122.    DoAll alleges that if the Plaintiff was injured as alleged in Plaintiff's Verified Complaint, which allegations are denied, DoAll's alleged failure to provide proper or adequate warnings, instructions and labeling, assuming this defendant had such a duty, was not the proximate cause of such injuries.

### AND AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

123.    DoAll alleges that if Plaintiff sustained the injuries and damages alleged, then, upon information and belief, said injuries and damages resulted from the Plaintiff's misuse of the subject pipe bending machine in such a manner as was not and could not reasonably be anticipated by the defendant.

### AND AS FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

124.    DoAll alleges that one or more causes of action in Plaintiff's Verified Complaint are barred by the Statute of Limitations.

### AND AS FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

125.    DoAll alleges that its liability, if any, is limited pursuant to Article 16 of the CPLR.

### AND AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

126.    DoAll hereby incorporates by reference as if more fully set forth herein, all affirmative defenses alleged by the remaining defendants insofar as they are consistent with the allegations made by DoAll.

### AND AS FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

127.    DoAll reserves its right to supplement or modify its affirmative defenses to reflect information gained as a result of discovery of facts not presently known.

### DEMAND FOR JURY TRIAL

128.    DoAll hereby demands a trial by jury in this case.

**WHEREFORE**, the Defendant DoAll demands the entry of judgment in its favor, dismissing the Plaintiff's Verified Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: August 8, 2008
      New York, New York

MARIN GOODMAN, LLP

By: _____

Russell S. Jamison, Esq. (RJ1360)
rjamison@maringoodman.com
Marin Goodman, LLP
Attorneys for Defendant

DoAll Company
40 Wall Street, 57th Floor
New York, New York 10005
(212) 661-1151 (tel)
(212) 661-1141 (fax)

TO:    RICHARD J. KATZ, LLP
       Attorneys for Plaintiff
       Cesar Sanchez
       80 Broad Street, 33rd Floor
       New York, New York 10004
       (212) 233-1515

       HERZFELD & RUBIN, P.C.
       Attorneys for Defendant
       Baldor Electric Company
       40 Wall Street
       New York, New York 10005
       (212) 471-8500

       Custom Muffler Specialist, Inc.
       461 Amherst Street
       Nashua, New Hampshire 03063

F:\Legal\RSJ\2256.004 - Sanchez\Answer to Complaint - DoAll.DOC