**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CESAR SANCHEZ,

               Plaintiff,

        -against-

CUSTOM MUFFLER SPECIALISTS, INC.,
CONTINENTAL COMPANY,
CONTINENTAL HYDRAULICS, BALDOR
ELECTRIC COMPANY, and JOHN DOE
CORPORATIONS 1 through 10,

              Defendant.

---

Docket No.: 08-CV-6292(NRB)(DFE)

**ANSWER OF DEFENDANT**
**CONTINENTAL HYDRAULICS**

**(Filed via ECF)**

---

      Continental Hydraulics (hereinafter "Continental"), by its attorneys, Marin Goodman, LLP, as and for its Answer to Plaintiff's Verified Complaint, respectfully states and alleges, upon information and belief:

### AS AND AN ANSWER TO THE FIRST CAUSE OF ACTION

      1.      Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of Plaintiff's Verified Complaint.

      2.      Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

      3.      Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

      4.      Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

      5.      Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of Plaintiff's Verified Complaint.

6.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of Plaintiff's Verified Complaint.

9.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

10.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of Plaintiff's Verified Complaint.

14.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of Plaintiff's Verified Complaint.

15.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of Plaintiff's Verified Complaint.

16.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of Plaintiff's Verified Complaint.

17.    Continental denies knowledge and information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of Plaintiff's Verified Complaint except admits, upon information and belief, that DoAll Company maintains a place of business at 1480 South Wolf Road, Wheeling, Illinois and otherwise respectfully refers all questions of law to the Court.

18.    Continental denies knowledge and information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of Plaintiff's Verified Complaint except admits, upon information and belief, that DoAll Company maintains a place of business at 1480 South Wolf Road, Wheeling, Illinois and otherwise respectfully refers all questions of law to the Court.

19.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of Plaintiff's Verified Complaint.

20.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of Plaintiff's Verified Complaint.

21.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of Plaintiff's Verified Complaint.

22.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Verified Complaint.

23.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of Plaintiff's Verified Complaint.

24.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of Plaintiff's Verified Complaint.

25.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of Plaintiff's Verified Complaint.

26.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of Plaintiff's Verified Complaint.

27.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of Plaintiff's Verified Complaint.

28.    Continental denies the truth of the allegations contained in Paragraph "28" of the Verified Complaint.

29.    Continental denies the truth of the allegations contained in Paragraph "29" of Plaintiff's Verified Complaint.

30.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of Plaintiff's Verified Complaint except admits that at certain times not specified in Plaintiff's Verified Complaint, Continental Hydraulics maintained and maintains a place of business located at 5505 West 123rd Street, Savage, Minnesota.

31.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of Plaintiff's Verified Complaint except admits that at certain times not specified in Plaintiff's Verified Complaint, Continental Hydraulics maintained and maintains a place of business located at 5505 West 123rd Street, Savage, Minnesota.

32.    Continental denies the truth of the allegations contained in Paragraph "32" of the Verified Complaint.

33.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Verified Complaint except admits that at certain times not specified in the Verified Complaint, Continental derived revenue from goods used in New York.

34.    Continental alleges that the allegations contained in Paragraph "34" of Plaintiff's Verified Complaint call for a legal conclusion which needs not be admitted or denied, and otherwise refers all questions of law to the Court.  Insofar as the allegations require a response, Continental denies the truth of allegations contained in Paragraph "34" of the Verified Complaint.

35.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of Plaintiff's Verified Complaint except admits at certain times not specified in the Verified Complaint, Continental derived revenue from interstate and international commerce.

36.    Continental denies the truth of the allegations contained in Paragraph "36" of Plaintiff's Verified Complaint.

37.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of Plaintiff's Verified Complaint.

38.    Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of Plaintiff's Verified Complaint.

39.    Continental denies the truth of the allegations contained in Paragraph "39" of Plaintiff's Verified Complaint.

40.    Continental denies the truth of the allegations contained in Paragraph "40" of Plaintiff's Verified Complaint.

41. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of Plaintiff's Verified Complaint.

42. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of Plaintiff's Verified Complaint.

43. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of Plaintiff's Verified Complaint except admits, upon information and belief, that Baldor Electric Company maintains a place of business located at 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas.

44. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of Plaintiff's Verified Complaint except admits, upon information and belief, that Baldor Electric Company maintains a place of business located at 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas.

45. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "45" of Plaintiff's Verified Complaint.

46. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "46" of Plaintiff's Verified Complaint.

47. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "47" of Plaintiff's Verified Complaint

48. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "48" of Plaintiff's Verified Complaint.

49. Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "49" of Plaintiff's Verified Complaint.

50.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "50" of Plaintiff's Verified Complaint.

51.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "51" of Plaintiff's Verified Complaint.

52.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "52" of Plaintiff's Verified Complaint.

53.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "53" of Plaintiff's Verified Complaint.

54.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "54" of Plaintiff's Verified Complaint.

55.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "55" of Plaintiff's Verified Complaint.

56.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "56" of Plaintiff's Verified Complaint.

57.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "57" of Plaintiff's Verified Complaint.

58.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "58" of Plaintiff's Verified Complaint.

59.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "59" of Plaintiff's Verified Complaint.

60.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "60" of Plaintiff's Verified Complaint.

61.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "61" of Plaintiff's Verified Complaint.

62.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "62" of Plaintiff's Verified Complaint.

63.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "63" of Plaintiff's Verified Complaint.

64.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "64" of Plaintiff's Verified Complaint.

65.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "65" of Plaintiff's Verified Complaint.

66.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of Plaintiff's Verified Complaint.

67.     Continental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "67" of Plaintiff's Verified Complaint.

68.     Continental denies the truth of the allegations contained in Paragraph "68" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "68" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

69.     Continental denies the truth of the allegations contained in Paragraph "69" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "69" of the

Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

70.    Continental denies the truth of the allegations contained in Paragraph "70" of the Verified Complaint.

71.    Continental denies the truth of the allegations contained in Paragraph "71" of the Verified Complaint.

72.    Continental denies the truth of the allegations contained in Paragraph "72" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "72" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

### AS AND AN ANSWER FOR THE SECOND CAUSE OF ACTION

73.    Continental repeats, reiterates and realleges each and every response to Paragraphs "1" through "73" of the Verified Complaint as if more fully set forth herein.

74.    Continental denies the truth of the allegations contained in Paragraph "74" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "74" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

75.    Continental denies the truth of the allegations contained in Paragraph "75" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "75" of the

Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

76.    Continental denies the truth of the allegations contained in Paragraph "76" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "76" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

77.    Continental denies the truth of the allegations contained in Paragraph "77" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "77" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

78.    Continental denies the truth of the allegations contained in Paragraph "78" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "78" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

79.    Continental denies the truth of the allegations contained in Paragraph "79" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "79" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

80.    Continental denies the truth of the allegations contained in Paragraph "80" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "80" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

81.    Continental denies the truth of the allegations contained in Paragraph "81" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "81" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

### AS AND AN ANSWER FOR THE THIRD CAUSE OF ACTION

82.    Continental repeats, reiterates and realleges each and every response to Paragraphs "1" through "82" of the Verified Complaint as if more fully set forth herein.

83.    Continental denies the truth of the allegations contained in Paragraph "83" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "83" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

84.    Continental denies the truth of the allegations contained in Paragraph "84" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "84" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

85.    Continental denies the truth of the allegations contained in Paragraph "85" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "85" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

86.    Continental denies the truth of the allegations contained in Paragraph "86" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "86" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

87.    Continental denies the truth of the allegations contained in Paragraph "87" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "87" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

88.    Continental denies the truth of the allegations contained in Paragraph "88" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

89.    Continental denies the truth of the allegations contained in Paragraph "89" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "89" of the

Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

90.    Continental denies the truth of the allegations contained in Paragraph "90" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "90" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

### AS AND AN ANSWER FOR THE FOURTH CAUSE OF ACTION

91.    Continental repeats, reiterates and realleges each and every response to Paragraphs "1" through "91" of the Verified Complaint as if more fully set forth herein.

92.    Continental denies the truth of the allegations contained in Paragraph "92" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "92" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

93.    Continental denies the truth of the allegations contained in Paragraph "93" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "93" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

94.    Continental denies the truth of the allegations contained in Paragraph "94" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "94" of the

Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

95.    Continental denies the truth of the allegations contained in Paragraph "95" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "95" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

96.    Continental denies the truth of the allegations contained in Paragraph "96" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "96" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

97.    Continental denies the truth of the allegations contained in Paragraph "97" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "97" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

98.    Continental denies the truth of the allegations contained in Paragraph "98" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "98" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

99.    Continental denies the truth of the allegations contained in Paragraph "99" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "99" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

100.    Continental denies the truth of the allegations contained in Paragraph "100" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "100" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

101.    Continental denies the truth of the allegations contained in Paragraph "101" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "101" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

102.    Continental denies the truth of the allegations contained in Paragraph "102" of the Verified Complaint insofar as they pertain to Continental and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "102" of the Verified Complaint insofar as they pertain to the remaining defendants, and otherwise refers all questions of law to the Court and all questions of fact to the trier thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103.    Continental alleges that Plaintiff's Verified Complaint fails to state one or more causes of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104.    Upon information and belief, Continental alleges that Plaintiff's purported injuries were caused in whole or in part by Plaintiff's own negligence or other improper conduct, including, but not limited to, operating the subject pipe bending machine in a reckless, careless, negligent or otherwise improper manner.  Accordingly, the doctrine of comparative fault should be used to reduce any recovery by Plaintiff in direct proportion to Plaintiff's own fault.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105.    Continental alleges that Plaintiff's purported injuries were caused in whole or in part by the negligent or otherwise improper conduct of third-party persons or entities somehow involved in the alleged incident giving rise to the Verified Complaint, including, but not limited to, the person or entity who owned the premises at which the subject pipe bending machine was located at the time of Plaintiff's purported injuries.  Continental reserves its right to amend this affirmative defense and add additional persons or entities to assert the negligence or otherwise improper conduct of such additional persons or entities as discovery may reveal

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

106.    Continental alleges that Plaintiff's Verified Complaint is barred by Plaintiff's assumption of risk, including, but not limited to, the risk inherent in operating the subject pipe bending machine in a reckless, careless, negligent, or otherwise improper manner.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

107.    Continental alleges that Plaintiff's claimed damages were caused in whole or in part by misuse of the subject pipe bending machine in an unforeseeable and unintended fashion, which bars Plaintiff from any recovery against Continental.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

108.    Upon information and belief, to the extent Continental had possession and control of the subject pipe bending machine, Continental alleges that Plaintiff's Verified Complaint is barred because the subject pipe bending machine was modified, altered, changed or otherwise tampered with in an unforeseeable manner after it left the possession and control of Continental.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

109.    Continental alleges that Plaintiff's claims are barred because the benefits of the subject pipe bending machine at issue outweigh the risks, if any, that might be associated with such products.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

110.    Continental alleges that to the extent the Verified Complaint purports to set forth any cause of action based on breach of any express and/or implied warranty arising out of the Uniform Commercial Code, such claim is barred because Plaintiff is not a third-party beneficiary.

### AND AS FOR A NINTH AFFIRMATIVE DEFENSE

111.    Continental alleges that Plaintiff failed to mitigate his damages, if any.

### AND AS FOR A TENTH AFFIRMATIVE DEFENSE

112.    Continental alleges that if it is found liable to Plaintiff, which liability Continental expressly denies, then Continental is entitled to a setoff equal to the total amount of all settlements, payments, and benefits received by Plaintiff, for Plaintiff's benefit, or that are otherwise available to Plaintiff from any collateral or other source.

### AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE

113.    Continental alleges that its products are manufactured using state-of-the-art engineering, design and manufacturing procedures, and with state-of-the-art materials when they

were engineered, designed and manufactured and Continental therefore pleads the state-of-the-art defense.

### AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE

114.    Continental alleges that Plaintiff's purported injuries and damages are the result of intervening acts of persons or entities over whom Continental had no control, including, but not limited to, the person or entity who owned the premises at which the subject pipe bending machine was located at the time of Plaintiff's purported injuries. Continental reserves its right to amend this affirmative defense and add such additional persons or entities as discovery may reveal.

### AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

115.    Continental alleges that its products comply with applicable governmental codes, rules, regulations, and standards and Continental complied with applicable governmental codes, rules, regulations, and standards applicable to the design, manufacture, inspection, testing, and labeling of and the warning and instructions associated with the use of its products. Continental is therefore entitled to a presumption that its products are not defective.

### AND AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

116.    Continental alleges that Plaintiff's Verified Complaint is barred because, upon information and belief, the subject pipe bending machine was improperly maintained or used in an abnormal fashion.

### AND AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

117.    Continental alleges that if Plaintiff was injured as alleged in the Verified Complaint, which Continental expressly denies, Plaintiff's alleged damages resulted from

independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product sold by Continental and thus Continental was not the proximate cause of such injuries.

### AND AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

118.    Continental alleges that, upon information and belief, the subject pipe bending machine is not unreasonably dangerous.

### AND AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

119.    Continental alleges that, upon information and belief, Plaintiff failed to utilize available safety devices and/or equipment at the time of the incident alleged in the Verified Complaint.

### AND AS FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

120.    Continental alleges that Plaintiff has failed to join one or more indispensable parties who are needed for a just adjudication.

### AND AS FOR A NINETEENTH AFFIRMATIVE DEFENSE

121.    Continental alleges that, upon information and belief, at all times relevant herein, product warnings, instructions and labeling were adequate and in compliance with all applicable Federal, State and industry ordinances, regulations and guidelines.

### AND AS FOR A TWENTIETH AFFIRMATIVE DEFENSE

122.    Continental alleges that if the Plaintiff was injured as alleged in the Verified Complaint, which allegations are denied, Continental's alleged failure to provide proper or adequate warnings, instructions and labeling, assuming this defendant had such a duty, was not the proximate cause of such injuries.

### AND AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

123.    Continental alleges that if Plaintiff sustained the injuries and damages alleged, then, upon information and belief, said injuries and damages resulted from the Plaintiff's misuse of the subject pipe bending machine in such a manner as was not and could not reasonably be anticipated by the defendant.

### AND AS FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

124.    Continental alleges that one or more causes of action in Plaintiff's Verified Complaint are barred by the Statute of Limitations.

### AND AS FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

125.    Continental alleges that its liability, if any, is limited pursuant to Article 16 of the CPLR.

### AND AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

126.    Continental hereby incorporates by reference as if more fully set forth herein, all affirmative defenses alleged by the remaining defendants insofar as they are consistent with the allegations made by Continental.

### AND AS FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

127.    Continental reserves its right to supplement or modify its affirmative defenses to reflect information gained as a result of discovery of facts not presently known.

### DEMAND FOR JURY TRIAL

128.    Continental hereby demands a trial by jury in this case.

**WHEREFORE,** the Defendant Continental demands the entry of judgment in its favor, dismissing the Plaintiff's Verified Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: August 8, 2008
       New York, New York

Maring Goodman, LLP

by:

Russell S. Jamison, Esq. (RJ1360)
rjamison@maringoodman.com
Attorneys for Defendant
Continental Hydraulics
40 Wall Street, 57th Floor
New York, New York 10005
(212) 661-1151 (tel)
(212) 661-1141 (fax)

To:    RICHARD J. KATZ, LLP
       Attorneys for Plaintiff
       Cesar Sanchez
       80 Broad Street, 33rd Floor
       New York, New York 10004
       (212) 233-1515

       HERZFELD & RUBIN, P.C.
       Attorneys for Defendant
       Baldor Electric Company
       40 Wall Street
       New York, New York 10005
       (212) 471-8500

       Custom Muffler Specialist, Inc.
       461 Amherst Street
       Nashua, New Hampshire 03063

F:\Legal\RSJ\2256.004 - Sanchez\Answer to Complaint - Continental.DOC